**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOEL GARCIA NUNEZ, § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:03-CV-2812-K |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**Parties**

Joel Garcia Nunez ("Petitioner" or "Nunez") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Procedural History**

Petitioner pled guilty to murder and appeared before the jury for the sentencing phase of the trial. *State v. Nunez*, No. F-9946647-RI (Crim. Dist. Ct. No. 2, Dallas County, Tex. Aug. 24, 2000). The jury rendered a verdict of ninety-nine years of incarceration and a $10,000 fine.

The Eighth District Court of Appeals affirmed Petitioner's conviction. *Nunez v. State*, No. 08-00-00433-CR, slip op. at 13, 2002 WL 1938988 (Tex. App.– El Paso Aug. 22, 2002, no pet.)(unpublished). Petitioner did not seek discretionary review. On March 6, 2003, Petitioner filed his only state writ of habeas corpus application challenging his sentence and conviction. *Ex parte*

*Nunez*, No. 55,911-01 (Tex. Crim. App. June 18, 2003).  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing.  *Id.* at cover.  This action was filed on November 13, 2003.

## Statement of Facts

Nunez had a common law marriage with Berrios.  The two had a son, and Nunez also supported Berrios's son by another marriage.  Berrios and Nunez lived together for seven years and Nunez considered Berrios to be his wife.  At the time of the crime in question, Nunez and Berrios were separated, although Nunez frequently returned to Berrios's apartment to see the children and still stayed some nights with Berrios including the night of the killing we consider here.

At some point, Nunez became suspicious that Berrios was having an affair.  Another man, Manuel Martinez, began to call their home late at night.  Nunez testified these incidents, including Martinez taunting him that he was not man enough for his wife, angered him.  Nunez also had several run-ins with Martinez including an incident where Martinez threatened to kill him.  These incidents scared Nunez and he began to carry a gun.

On the night of the murder, Nunez returned the children to Berrios's apartment after spending the day with them.  The door to the apartment was locked.  When Berrios finally opened the door, Nunez demanded to know what was going on.  Berrios refused to answer.  Martinez appeared from inside the apartment.  When Nunez saw Martinez, he drew his gun and shot Martinez in the head at point blank range.  Nunez fled the scene and was apprehended several months later.

Nunez was indicted for Martinez's murder.  Nunez's attorney orally moved for a trial continuance because he had just finished a two-week trial and new evidence had been produced by the prosecution which he had not had time to review and investigate.  The trial court denied the motion to continue.

Nunez chose to plead guilty and the case was submitted to a jury only on the punishment phase of the trial.  During that trial, Nunez was cross-examined by the State. In the course of that cross-examination, Nunez was asked whether he had ever beaten his wife.  Nunez denied that accusation but did testify that his wife had been beaten in January 1999 by two men in a car.  At the end of Nunez's testimony the defense rested.

The next day the State called Nunez on rebuttal in an attempt to impeach him with some pictures taken of his wife after the January assault.  Nunez's counsel objected to Nunez being called to the stand in the following fashion:

> Your Honor, we would object to the reasons why they want to call Mr. Nunez back to testify. The State wants to re-cross him having already passed the witness and finished the cross-examination. The only reason they want to cross him now is to ask him about some pictures they didn't have yesterday and they could have had them yesterday, and we would object to him being recalled as a witness. It's not for rebuttal, but to finish off what they couldn't do yesterday.

The trial court denied the objection.

Ultimately, Nunez refused to recant his story concerning his wife's assault by other men. He did acknowledge that the pictures produced by the State were an accurate representation of how his wife looked after she was beaten. The State also proffered evidence of two 1992 felony convictions for possession and delivery of a small amount of cocaine.

On closing the State argued:

> And let's look at the similarities between the two offenses that you heard of–okay? Look at the similarities. We've got two very violent crimes committed by a violent person. Two violent crimes. What else is similar about them? Each time he takes off and is nowhere to be found.
>
> Any testimony you heard that Manuel was a violent man comes from the mouth of a confessed killer, comes from the mouth of a convicted felon. You've got no evidence whatsoever that Manuel was a violent man, quite the contrary. The only person who had no respect for family, who beat the mother of his child, who killed the father of a three year old boy.
>
> He's a violent man. So, what do you do with a violent man who commits these type [sic] of crimes, who has these prior first degree and second degree felony possession and delivery of cocaine? Not just possession, but delivery–unlawful delivery of cocaine. First degree and second degree. So, he's had a first and he's had a second chance already and you know what he does with second chances. What do you do with somebody who has such disrespect for human life?

*Nunez v. State*, Slip Op. at *1-2.

## **Issue**

Petitioner contends counsel provided constitutionally ineffective assistance by:

1. Failing to object to the State's introduction of collateral matters on the state's cross-examination of Petitioner;

2. Failing to lodge an appropriate objection to the State's use of photographic evidence in rebuttal concerning a prior assault on his wife; and

3. Failing to request a hearing outside the jury's presence to determine if the State had proved extraneous evidence beyond a reasonable doubt before its admission.

(Fed. Writ Pet. at 7 and Memo. at 1-7.)

### Exhaustion of State Court Remedies

Respondent asserts that Petitioner has exhausted his state court remedies.

### Standard of Review

A federal court may not grant a writ of habeas corpus on behalf of a person in custody under a state court judgment with respect to any claim that was adjudicated on the merits unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite from that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam).

A state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, this presumption is applicable. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## **Ineffective Assistance of Counsel**

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged standard: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must show that: (1) counsel's performance was deficient in that the errors counsel made were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one of the prongs. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. *Id.* at 689-90. Federal habeas corpus relief is not granted for errors of state

law. *Estelle v. McGuire*, 502 U.S. 62, 66 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). In conducting habeas corpus review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)(per curiam).

At sentencing, Petitioner presented the affirmative defense of heat of passion. On cross-examination, the State questioned Petitioner about whether he had beaten his wife. Petitioner denied the accusation and testified that she had been beaten by two men in a car. On rebuttal, Petitioner steadfastly denied that he had beaten his wife but admitted that the photographs of her accurately reflected how she looked at the time she had been beaten. Petitioner argues counsel provided ineffective assistance by failing to object to the State's introduction of collateral matters on cross-examination, failing to lodge an appropriate objection to the State's use of photographic evidence in rebuttal concerning the earlier assault on his wife, and failing to request a side bar hearing to determine if the State had proved the extraneous evidence beyond a reasonable doubt before its admission.

The state appellate court held that the trial court committed reversible error by admitting the collateral evidence but did not reverse the case because counsel failed to properly preserve the error by objecting. *Ex parte Nunez* at 41. On habeas corpus review, Petitioner presented an affidavit from counsel that his failure to object was inadvertent and was not a matter of trial strategy. *Id*. However, the trial court disagreed with the state appellate court's assessment regarding the admissibility of the collateral evidence and found that the collateral evidence was relevant to sentencing. *Id*. The trial court further found that the questioning of Nunez regarding the beating of his wife was proper and that if counsel had objected, it would not have sustained the objection.


*Id.* With respect to counsel's failure to object that the state had not laid a proper predicate for the admissibility of the photographs, the trial court found that "one instance of a less-than-proper objection" did not constitute ineffective assistance of counsel. *Id.* at 42.

Regarding counsel's failure to request a hearing outside the jury's presence to determine if the assault could be proved beyond a reasonable doubt, the trial court noted that it had presented that issue to the jury. It found that absent evidence to the contrary, the jury is presumed to follow the trial court's instructions and that Nunez had presented no such evidence. *Id.* Accordingly, its instruction to the jury regarding reasonable doubt cured any potential error. The Texas Court of Criminal Appeals agreed with all these findings. *Id.* at cover.

Under *Stickland*, to obtain habeas corpus relief based on the claim of ineffective assistance of counsel, Petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance of counsel prejudiced him. *Strickland*, 466 U.S. at 687. According to the decision of the trial court on habeas corpus review, as affirmed by the Texas Court of Criminal Appeals, the collateral evidence was admissible, and even if counsel's assistance was not perfect, it did not rise to the level of constitutionally ineffective assistance. Petitioner has failed to present any evidence to the contrary. Counsel's performance was neither constitutionally deficient nor prejudicial. Conclusory allegations of ineffectiveness are an inadequate basis for federal habeas corpus relief. *Ross*, 694 F.2d at 1011.

The Court finds that the state courts' determinations did not result in a decision "that was contrary to, or [that] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Further, the

7

determinations did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED November 7, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United State District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

/s/ Paul D. Stickney

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE